UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CRAMER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF AUBURN, et al.,<br><br>    Defendants. | No. 2:15-cv-0462 KJM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this case pro se. The case was therefore referred to the undersigned by Local Rule 302(c)(21). The Amended Complaint alleges that two City of Auburn police officers violated plaintiff's Fourth Amendment rights, enforceable under 42 U.S.C. § 1983, when they arrested and jailed him on January 25, 2014. The court's jurisdiction rests upon 28 U.S.C. §§ 1331 and 1343(a)(3).

Defendants move to dismiss on the ground that plaintiff is asserting that the arrest that led to his conviction lacked probable cause, and therefore, the action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). ECF No. 12. Plaintiff moves to continue the action pending resolution of an application for habeas corpus which he says is pending in Placer County Superior Court. ECF No. 16. For the reasons set forth below, the court will recommend that defendants' motion to dismiss be granted, and that plaintiff's motion to continue be denied.

////

I.  BACKGROUND

According to the Amended Complaint (ECF No. 8-1), there was "an incident" at a dog park in Auburn on January 23, 2014.  Defendant Officers Dalton and Garlock showed up but did not make an arrest on that day.  On January 25, 2014, Officer Dalton called plaintiff and asked him to return to the park.  Officer Dalton then "made an unlawful arrest," of plaintiff.  Officer Garlock "initialed an evidence bag containing altered evidence."  Officer Garlock allowed that evidence to be altered on January 23, 2014, and then "booked the evidence" on January 31, 2014, knowing it would be used in a case against plaintiff.  Officer Dalton presented the evidence in court.  Finally, Officer Dalton perjured himself in court.

II.  MOTION TO DISMISS

All defendants move to dismiss for failure to state a claim, arguing that the action is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

A.      Dismissal Standards – Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." Id. at 678.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), cert. denied, 131 S. Ct. 3055 (2011), and resolve all doubts in the plaintiffs' favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Pro se complaints are construed 'liberally' and may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).[1]

B. Motion To Dismiss

1. Section 1983 Claims: Counts One and Three

Defendants move to dismiss the Fourth Amendment claims contained in Counts One ("Fourth Amendment" based upon false arrest) and Three ("False Arrest/False Imprisonment") on the grounds that they are based upon an arrest that led to plaintiff's conviction. Defendants argue that the claims are therefore barred by Heck v. Humphrey, 512 U.S. 477 (1994), since they would undermine the conviction if upheld. Defendants are correct.

> When a plaintiff who has been convicted of a crime under state law seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily

---

[1] "Iqbal did not alter the rule that, 'where the petitioner is pro se, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt.'" Wilhelm, 680 F.3d at 1121 (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

3

> imply the invalidity of his conviction or sentence." If the answer is
> yes, the suit is barred.

Hooper v. Cty. of San Diego, 629 F.3d 1127, 1130 (9th Cir. 2011) (citations omitted) (quoting Heck).

At the hearing on this motion, plaintiff confirmed that he was challenging the arrest that led to his conviction. The basis for his challenge is that the arresting officer lacked probable cause to arrest or jail him. Were this court to find that there was no probable cause, that finding would necessarily imply that the resulting conviction was invalid:

> To prevail on his § 1983 claim for false arrest and imprisonment, Cabrera [plaintiff] would have to demonstrate that there was no probable cause to arrest him. See George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir. 1992). The police claim [that] hearing Cabrera's challenge to fight provided probable cause to arrest him for disturbing the peace. On these facts, finding there was no probable cause would "necessarily imply" that Cabrera's conviction for disturbing the peace was invalid. Therefore, under Heck, Cabrera's false arrest and imprisonment claims were not cognizable and did not accrue until his conviction was invalidated . . ..

Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998); see also, Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) ("[w]rongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes for which he was convicted").[2]

As such, this action is barred by Heck until plaintiff's conviction is overturned.[3]

### 2. Remaining claims

Counts Two (Fraud), Four (Obstruction of Justice) and Five (Perjury) are, or purport to be,

////

---

[2] Plaintiff's other allegations here – that the police altered evidence, presented false physical evidence at trial, and presented perjured testimony by a police officer – would also undermine the conviction, if true.

[3] At the hearing on this matter, plaintiff argued that because he was not arrested on the day of the incident, but was instead arrested two days later, the arresting officer therefore lacked probable cause. Whether this reasoning is correct or not makes no difference to the outcome here. So long as plaintiff challenges the arrest that led to his conviction on the grounds of lack of probable cause, the action is barred by Heck.

4

state claims.[4]  Since the only claims over which the court has original jurisdiction should be dismissed, any remaining state claims should also be dismissed.  See 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction over state claims when all claims over which it has original jurisdiction are dismissed).

### III.  MOTION TO CONTINUE

Plaintiff requests that the action be continued pending resolution of a habeas corpus petition he says is pending in Placer County Superior Court.  Plaintiff has not provided any reason for continuing the case, rather than dismissing it without prejudice.  If plaintiff gets his conviction overturned, he will be able to sue for his constitutional claims without facing the Heck bar.  See Cabrera, 159 F.3d at 380 ("false arrest and imprisonment claims were not cognizable and did not accrue until his [plaintiff's] conviction was invalidated").  Therefore, this motion should be denied.

### IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that

1. Defendants' Motion To Dismiss (ECF No. 12) should be GRANTED, as follows:

   a. Counts One and Three should be dismissed without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994); and

   b. The court should decline to exercise supplemental jurisdiction over Counts Two, Four and Five, and should therefore dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3); and

2. Plaintiff's Motion To Continue (ECF No. 16) should be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written

---

[4] The court is mindful that "obstruction of justice" is a predicate offense for a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(1)(B), however it is not a stand-alone federal claim.  Defendants argue that there is no civil action in California for Obstruction of Justice or for Perjury.  It is not necessary for the court to determine if defendants are correct.

objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 19, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE