UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CRAMER, | No. 2:15-cv-00462-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF AUBURN, | |
| Defendant. | |

Plaintiff David Cramer, proceeding pro se, filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b) after the court adopted the magistrate judge's findings and recommendations in full and entered judgment.[1] ECF No. 32. Defendant City of Auburn opposed. ECF No. 37. Plaintiff then filed an appeal of the court's judgment, which the Ninth Circuit is holding in abeyance pending the court's resolution of this motion. ECF Nos. 33, 38. As explained below, the court DENIES plaintiff's motion for reconsideration.

/////

/////

---

[1] The motion for reconsideration asks the court to "vacate" its order adopting the findings and recommendations of the magistrate judge. The court thus construes plaintiff's filing as asking for relief from judgment under Federal Rule of Civil Procedure 60(b).

1

The amended complaint in this case, founded on 42 U.S.C. § 1983, alleges two City of Auburn police officers violated plaintiff's Fourth Amendment rights when they arrested and jailed plaintiff.  ECF No. 8-1.  Defendant moved to dismiss, contending plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the amended complaint alleged the arrest leading to plaintiff's conviction lacked probable cause, ECF No. 12, and *Heck* bars claims under 42 U.S.C. § 1983 where judgment entered in favor of plaintiff "would necessarily imply the invalidity of [plaintiff's] conviction or sentence." 512 U.S. 477, 487.[2]  At hearing on the motion to dismiss, plaintiff conceded he was challenging the arrest that led to his conviction.  ECF No. 23 at 4.  The magistrate judge thus found plaintiff's action "barred by *Heck* until plaintiff's conviction is overturned." *Id.*

Federal Rule of Civil Procedure 60(b) governs relief from orders and judgments of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time.  *Id.*  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where [there are] extraordinary circumstances." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.*  Local Rule 230(j) also requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  As the Ninth Circuit has observed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in omitted).  Such a motion "may not be used

---

[2] Plaintiff has not contested the magistrate judge's findings and recommendations with respect to the dismissal of other claims for lack of jurisdiction or her denial of a motion to continue.

2

1  to raise arguments or present evidence for the first time when they could reasonably have been
2  raised earlier in the litigation." *Id.*
3       Here, plaintiff does not present the court with any newly discovered evidence,
4  argue that the court has committed clear error or made an unjust decision, or point out there was a
5  change in controlling law.  Instead, plaintiff merely reasserts his claims as presented in the
6  amended complaint, challenging the arrest that led to his conviction, and stating in a conclusory
7  fashion that the action is not barred by *Heck*. ECF No. 32 at 2–4.  As a brother court has stated,
8  "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's
9  decision, and recapitulation of that which was already considered by the [c]ourt in rendering its
10 decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)
11 (citations and quotations omitted).
12      The court DENIES the motion for reconsideration.  The February 4, 2016 order
13 adopting the findings and recommendations shall not be disturbed.
14      IT IS SO ORDERED.
15 DATED: March 7, 2016.

_____
UNITED STATES DISTRICT JUDGE